## Holland Furnace Company, Inc., v. Davis et ux.

*Daniel J. Boyle*, for plaintiff.
*Vincent J. Dalton*, for defendants.

HOUCK, J., December 13, 1937.—Judgment by confession was entered against defendants on September 20, 1937, for $338.50, on a conditional sales contract. A certificate of plaintiff's address was given but not of defendants' address. On October 18, 1937, defendants took a rule on plaintiff to show cause why the judgment should not be stricken off, the sole reason assigned being that no certificate of defendants' residence was filed as required by the Act of June 25, 1937, P. L. 2325.

The Act of 1937 amends section 1 of the Act of May 17, 1929, P. L. 1804, so that the act now reads:

"That the prothonotary of any court of common pleas of this Commonwealth, before entering any money judgment for plaintiffs . . . shall require delivery to him of a certificate . . . setting forth the precise residence address of the plaintiff, and the last known address of the defendant or defendants".

Section 2 of the Act of 1929, supra, which is not affected by the amendment, provides that failure on the part of any prothonotary to perform any of the duties imposed by the statute shall in no way impair the validity of any judgment or the lien thereof. The statute imposes the duty on the prothonotary of requiring delivery to him of the certificate setting forth the address of plaintiff and defendant, and failure of the prothonotary to perform this duty does not, under the very terms of the act, impair the validity of the judgment: Quandel v. Orff et al., 4 Schuyl. Reg. 322. Since failure to file a certificate setting forth defendants' address does not impair the validity of the judgment, it may not be stricken off for this reason. The rule must be discharged.

And now, December 13, 1937, the rule to strike off the judgment is discharged at defendants' costs.